## ATTORNEY-CLIENT AGREEMENT

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN CHAPTER 7 DEBTORS AND THEIR ATTORNEYS, LANDRY & ASSOCIATES

It is important for debtors who file a Chapter 7 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often  crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors understand their rights and responsibilities in the Chapter7 process, Landry & Associates hereby set out the rights and responsibilities of debtors in Chapter 7 and this law firm.  By signing this agreement, debtors and their attorneys accept these responsibilities.

### *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1.     Discuss with the attorney the debtor's objectives in filing the case.

2.     Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1.     Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2.     Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when  the attorney's fees and the trustee's fees are determined and paid.

3.     Personally review with the debtor and sign the completed petition, plan, statements, and  schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4.     Timely prepare and file the debtor's petition, plan, statements, and schedules.

**LANDRY & ASSOCIATES is a Debt Relief Agency as Defined under §101(12A) of the Bankruptcy Abuse Prevention and Consumer Protection Act.**

5.      Advise the debtor of the need to maintain appropriate insurance.

**AFTER THE CASE IS FILED**

THE DEBTOR AGREES TO:

1.      Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

2.      Notify the attorney of any change in the debtor's address or telephone number.

3.      Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

4.      Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

5.      Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

6.      Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO:

1.      Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2.      Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3.      Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4.      If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney  and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5.      Timely submit to the Chapter 7 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6.      Timely prepare, file, and serve any necessary statements, amended statements and

2

schedules and any change of address, in accordance with information provided by the debtor.

7.      Monitor all incoming case information (including, but not limited to, Order Confirming  Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

8.      Object to improper or invalid claims.

9.      Timely respond to the Chapter 7 trustee's motions to dismiss the case.

10.     Timely respond to motions for relief from stay.

11.     Prepare, file, and serve all appropriate motions to avoid liens.

12.     Provide any other legal services necessary for the administration of the case.

### *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1.      Any attorney retained to represent a debtor in a Chapter 7 case is responsible for representing  the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a total fee of

$ 1,799.00 (Fee of $1,500.00 and Costs of $299.00)

In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney  may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy  of the application and notified of the right to appear in court to object.

The foregoing fee shall be considered an "Advance Payment Retainer," pursuant to the Illinois Supreme Court decision of ***Brian Dowling v. Chicago Option Associates, Inc., et al.***, No. 102587.  Such a retainer is advantageous to the client as it minimizes future payments on account. On such basis, upon payment of the foregoing retainer, LANDRY & ASSOCIATES may deposit the same into the firm's operating account and not place the same in its trust account.  However, Debtor shall have the option that the same be placed in the firm's trust account.  Debtor shall advise LANDRY & ASSOCIATES into which account such funds shall be so deposited.

2.      *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the

debtor.

3.      *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid  by the debtor prior to the case filing.

4.      *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5.      *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with  the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6.      *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _12-19-11_

Signed:

_____          _____
**Debtor**                                    **Debtor**




*Do not sign if the fee amount at top of this page is blank.*
Attorney for Debtor(s)

_____