IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE THE MARRIAGE OF:                    )
                                          )
MICHAEL P. FEDEROW,                       )
            Petitioner,                   )        No.    97 D 05648
                                          )
        and                               )
                                          )
TERESA M. GIANNINI,                       )
            Respondent.                   )

## ORDER

THIS Matter coming on to be heard for trial with respect to the matters set forth hereinbelow in the findings, Teresa M. Giannini (hereinafter referred to as "Teresa") appearing in open court individually and by counsel Shawn D. Bersson of Katz and Stefani, LLC, Michael P. Federow ("Michael") having filed a *pro se* Appearance on September 29, 2009 appearing in open court *pro se*, Michael having been sworn in and the Court further having advised Michael of his right to an evidentiary hearing on the fee petition, and the Court being fully advising in the premises;

**THE COURT HEREBY FINDS:**

1.    That on July 9, 2007, a Judgment for Dissolution of Marriage and Marital Settlement Agreement was entered in the above captioned matter which provided Teresa residential custody of the parties' minor child Marco, and ordered Michael to pay child support in the amount of $375 per month to Teresa.

2.    That Michael filed a petition to change custody of Marco and on April 24, 2007, Dr. Alan Jaffe was appointed to conduct a 604(b) evaluation in the above-captioned matter on Michael's Petition to Modify Custody.

3.    That pursuant to the April 24, 2007 order, both parties were ordered to pay 50% of Dr. Jaffe's retainer without prejudice and subject to reimbursement.

4.    That on April 20, 2007, Teresa filed a petition to reapportion the 604(b) fees to Dr. Jaffe.

M. F.

5. That on May 7, 2007, this Honorable Court denied the motion to reallocate Dr. Jaffe's fees and further provided that the allocation shall remain without prejudice.

6. That on June 4, 2007, Teresa filed a Three-Count Petition for Adjudication of Indirect Civil Contempt of Court and Other Relief based upon Michael's failure to provide proof of life insurance, failure to provide proof of application for SSI, and failure to produce his tax returns.

7. That on June 14, 2007, Teresa filed a Motion to Compel Compliance with Discovery.

8. That on August 27, 2007, the Rule to Show Cause issued on the June 4, 2007 Petition for Adjudication of Indirect Civil Contempt and the Motion to Compel was granted.

9. That on February 20, 2008, Teresa filed a Verified Petition for Adjudication of Civil Contempt of Court based upon Michael's non-compliance with payment of child support.

10. That on March 25, 2008, Michael filed a Response to Verified Petition for Adjudication of Civil Contempt.

11. That on March 28, 2008, Teresa filed a second Motion to Compel Compliance with Discovery and a Motion to Strike Michael's Petition for Change of Custody based in part on Michael's failure to furnish a bill of particulars after due notice of the demand for the bill of particulars.

12. That on August 4, 2008, the Motion to Strike Petition for Change of Custody was granted; the second Motion to Compel was granted, and Teresa was granted leave to file a petition for fees and costs.

13. That on October 27, 2008, Teresa filed a Motion for Sanctions based upon Michael's failure to comply with the discovery responses and sit for his deposition.

14. That on October 27, 2008, Teresa filed a Petition for Attorneys' Fees Pursuant to Section 508 of the IMDMA and Illinois Supreme Court Rule 137.

15. That on November 19, 2008, Michael filed responses to the Motion for Sanctions and the Petition for Fees.

16. That on May 6, 2009, this Court entered a Memorandum Opinion and Order pursuant to the hearing on the Motion for Sanctions ordering Michael to pay all attorneys' fees and costs incurred by Teresa which are reasonable in connection with the preparation of the Motions to Compel, Motion for Sanctions, and for the hearing on the Motion for Sanctions.

M. F.

17. That subsequent to the May 6, 2009 Order, Michael did not produce any documents responsive to the discovery requests, and on August 11, 2009, Teresa filed a Second Motion for Sanctions.

18. That on August 19, 2009, this Honorable Court entered an order requiring Michael to fully comply with all outstanding discovery requests by September 28, 2009. Said order as modified on August 20, 2009 further provided that in the event that Michael fails to fully comply with all outstanding discovery requests by September 28, 2009 all of his pleadings and defenses (except any defense limited to the adjudication of contempt) may be stricken by way of separate findings and order of court.

19. That on September 29, 2009, this Court found that Michael's failure to comply with all outstanding discovery requests is unreasonable and without compelling cause or justification. Said order further issued sanctions for his failure to produce the discovery requested of him. Said sanctions included that all of his pleadings and defenses are stricken on all pending issues. Said order further granted Teresa leave to file a petition for fees.

20. On October 14, 2009, Teresa filed a second Petition for Attorneys' Fees Pursuant to Section 508 of the IMDMA and Illinois Supreme Court Rules 137 and 219.

21. That pursuant to the Judgment for Dissolution of Marriage, Michael was obligated to pay the sum of $375 per month as and for child support.

22. That pursuant to the November 29, 2006 order, Michael was found to have an arrearage of child support in the amount of $2,343.66 as of March, 2005.

23. That Michael has satisfied that arrearage based upon the representation of the payment of $2,344 to the Clerk of the Circuit Court on April 12, 2007.

24. That between March, 2005 and October, 2009, 55 payments of child support came due and owing and were unpaid.

25. That the total amount of child support plus interest due to Teresa between March 1, 2005 and October, 2009 is $25,603.91.

26. That on October 16, 2009, Michael represented in open court that he is not working, has no income, and that his current wife provided him with the funds to make payments of $2,344 to the Clerk of the Court on April 12, 2007, $14,200 on October 8, 2009, $5,800 on October 8, 2009 and $250 on October 8, 2009.

27. That pursuant to Section 505 of the IMDMA, all past due payments of child support which remain 30 days in arrears, accrue simple interest at a rate of 9% per annum.

M. F.

28. That on October 19, 2009, counsel for Teresa represented to the Court that although Teresa had not received said monies, it had been verified with the Clerk of the Court that said payments were made.

29. That in applying the payments of $14,200, $5,800 and $250 paid by Michael to the Clerk of the Court on October 8, 2009 to the interest first and then the principal amount due and owing, Michael is found to be in arrears in the amount of $4,978.91.

30. That Michael voluntarily elected not to present any defense or testify on his own behalf with respect to the defenses to the outstanding petition s for rules to show cause, the rules having previously been issues and made returnable at the trial in the instant cause.

31. That this Court takes judicial notice of the prior hearing on the Motion for Sanctions wherein the evidence adduced showed that the sum of $96,020.22 were deposited into Michael's bank account XXXX0963 between January, 2006 and June, 2008 and that the sum of $96,899.25 were withdrawn from the same account during the same period. In addition, the Court takes judicial notice of the evidence procured at the hearing on the Motion for Sanctions which further showed that the sum of $7,479.56 were deposited into Michael's bank account XXXX499 between January, 2006 and July, 2007 and that $7,646.71 were withdrawn from the same account.

32. That Michael's failure to comply with the payment of the $375 per month to Teresa pursuant to the parties' Judgment for Dissolution of Marriage is willful and contumacious.

33. That Michael's failure to pay child support to Teresa as ordered in the parties' July 9, 1997 Judgment for Dissolution of Marriage is without compelling cause or justification.

34. That further, Michael has advised the Court that he currently has a personal injury complaint at law pending in the case of Michael Federow vs. Adrienne Stachaczyk, Case No. 08M1303581 consolidated with 07 M1 017417.

35. Michael further advises the Court that he has a second personal injury claim that he is going to file imminently. Said claim is dated August 18, 2008 and is claim number PRM000002673, the insured is Anabel Duran and the policy number with Affirmative Insurance Co., is ILB8199427.

36. That the Court has advised Michael of his right to have an evidentiary hearing on the Petition for Fees and finds that Michael has knowingly and voluntarily waived said right on the fees sought by NPM and K&S.

M. F.

37. That copies of the billing statements for Nadler, Pritikin & Mirabelli, LLC and Katz & Stefani, LLC were tendered to the Court and to Michael and the court has reviewed said billing statements. Further the court has been well aware of these proceedings and takes judicial notice of the prior proceedings in this matter.

38. That the fees incurred by Nadler, Pritikin & Mirabelli, LLC and Katz & Stefani, LLC were fair and reasonable in light of the difficulty encountered in trying to obtain discovery; the amount of hours expended; the results obtained; the rates charged; and the novelty of some of the issues related to the allegations of the transfer of assets and property.

39. This Court specifically finds that the nature of the fees incurred were both for the purposes of obtaining discovery and enforcement of child support, and accordingly, the fees are not dischargeable in bankruptcy.

40. That in addition, Teresa has paid the sum of $5,800 pursuant to prior order to Dr. Alan Jaffe's fees and $2,500 towards Jerry Goldberg's fees (appointed by court as representative of child).

41. That Michael has knowingly and voluntarily consented to a judgment in favor of Nadler, Pritikin & Mirabelli, LLC and against Michael Federow in the amount of $56,724.78. Further, Michael has voluntarily consented to a judgment in favor in Katz & Stefani, LLC in the amount of $13,637.00 Michael has been advised that said judgments will accrue interest at 9% per annum. Further, Michael has consented to the fact that said judgments are non-dischargeable in bankruptcy.

42. That Michael has consented to a lien against his pending lawsuit in Case No. 08M1303584 cons. with 07 M1 017417 in favor of Nadler, Pritikin & Mirabelli, LLC and Katz & Stefani, LLC, individually and collectively. In addition, Michael has voluntarily consented to a lien against his other pending claim, PRM000002673, the insured is Anabel Duran and the policy number with Affirmative Insurance Co., is ILB8199427, in favor of Nadler, Pritikin & Mirabelli, LLC and Katz & Stefani, LLC, individually and collectively.

43. That further, Michael has voluntarily consented to advise his attorney, John Landry, or any subsequent attorney in those lawsuits or any future lawsuits of this order and the lien against any net proceeds from the pending lawsuit now or as amended or refilled and the pending claim, now or as amended. Michael has further agreed that his attorneys may discuss the status of the pending law suits with a representative of NPM and K&S.

44. That Michael has agreed that he shall advise both Katz & Stefani, LLC and Nadler, Pritikin & Mirabelli, LLC of any settlement/trial/jury verdict in each of those lawsuits/claims.

M. F.

*Judgment* ~~M.F.~~

45. In addition, Michael consents to a~~judgment~~ against him and in favor of Teresa in the amount of $8,300 as and for the fees and costs paid to Jerry Goldberg and Alan Jaffe as referenced above. Said judgment is non-dischargeable in bankruptcy. By agreement of the parties, Teresa agrees to waive any interest on said judgment and in consideration therefor, Michael agrees to satisfy said judgment by December 31, 2010. ~~Further, his failure to satisfy said judgment by said date will result in a body attachment being issued~~. Michael acknowledges that although he claims that he has no income, he will have the ability to comply with the satisfaction of this judgment on or before December 31, ~~2009~~ 2010. Further, in the event that Michael fails to satisfy the judgment in full by December 31, ~~2009~~ 2010, interest at a rate of 9% per annum will be applied retroactive to October 20, ~~2009~~ 2010.

46. That Michael's consent to the accuracy of the findings set forth hereinabove, and to the agreements made by him detailed by him hereinabove is evidenced by his signature set forth hereinbelow. Michael further acknowledges and represents that he is of clear mind, and not under any disability, emotionally mentally, or otherwise, not under the influence of any drugs or alcohol, or other substance, and that he has not been coerced, intimidated or forced into the entry of this order.

47. That the court approves those findings and stipulations which were reached by agreement of the parties finds the same to have been reached freely and voluntarily and finds the same to not be unconscionable.

## WHEREFORE, IT IS HEREBY ORDERED:

1. Michael is adjudicated to be in indirect civil contempt of court for his willful and contumacious failure to pay child support as set forth in the July 9, 1997 Judgment for Dissolution of Marriage.

2. Michael is hereby ordered to be taken into custody with the Cook County Sheriff's Department.

3. The *mittimus* is stayed ~~for 30 days.~~ until 12/7/09

4. Michael may purge himself of indirect civil contempt of court by paying the sum of $4,978.91 to Teresa ~~within 30~~ by 12/6/09 days and by providing proof of his life insurance coverage as required in the Judgment for Dissolution of Marriage. His failure to do so will result in an automatic body attachment being issued against him. In the event that Michael fails to satisfy the purge by providing proof of life insurance as required in the Judgment for Dissolution of Marriage and the payment of $4,978.91 to Teresa ~~within 30 days~~ and the body attachment issues, Michael may continuously purge himself of indirect civil contempt of court by posting a cash bond in the amount of $4,978.91 and providing proof of the life insurance as required in the Judgment for Dissolution of Marriage. by 12/6/09

M. F.

5. Judgment is entered in favor of Teresa Giannini and against Michael Federow in the amount of $8,300 as per par. 45 of the findings above. Interest will not accrue on said judgment and Michael must satisfy said judgment by December 31, 2010. ~~His failure to satisfy the judgment by said date will result in an automatic body attachment being issued against him. In the event that a body attachment is issued against him, cash bond will be set in the amount of~~ *MF* $8,300.

6. Judgment is entered in favor of Nadler, Pritikin & Mirabelli, LLC and against Michael Federow in the amount of $56,724.78. Said judgment is non-dischargeable in bankruptcy.

7. Judgment is entered in favor of Katz & Stefani, LLC and against Michael Federow in the amount of $13,637. Said judgment is non-dischargeable in bankruptcy.

8. Katz & Stefani, LLC and Nadler, Pritikin & Mirabelli, LLC, individually and collectively, shall have primary liens against any and all "net proceeds" (gross settlement amount less related costs and legal fees) from Michael Federow's pending lawsuit in 08M130358 cons. with 07 M1 017417 for now or as amended and in his claim PRM000002673 against the insured is Anabel Duran, policy number with Affirmative Insurance Co., ILB8199427. Michael Federow shall provide notice to his attorney, John Landry, or any subsequent attorneys, of this order, and Michael shall further provide notice to Katz & Stefani, LLC and Nadler, Pritikin & Mirabelli, LLC of any settlement or trial in either of those cases.

9. This case is set for status on _December 7_, 2009 at _9:45_ _9_.m. for status of payment of the purge or issuance of body attachment. Michael Federow is ordered to appear in open court on said date and said time. His failure to do so will result in a body attachment being issued against him.

APPROVED AS TO FORM:

Michael Federow

ENTER: _____

DATE: _____

ENTERED
JUDGE LEIDA J. GONZALEZ-SANTIAGO · 1612

OCT 2 0 2009

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Shawn D. Bersson
KATZ & STEFANI, LLC
222 North LaSalle Street, Suite 2150
Chicago, Illinois 60601
Telephone: (312) 364-9000
Atty. No. 44440

M. F.